Frankway v. Wilkie Good morning, Your Honors. May it please the Court, William Milliken for Appellant Ernest Frankway. The Veterans Court in this case erroneously expanded the presumption of competency into a presumption of specialization, a presumption that every medical examiner chosen by the VA has specialized knowledge in the particular area required by the Veteran at issue. So if you had your druthers and there was no presumption applied here, how would this – and again, assuming, which is a big assumption that it wasn't waived in the first instance – but how would this issue play out under these facts? It got sent back for specialists and one of those specialists was an orthopedic person, the other was an internist, and the other was I don't know what. I'm trying to see what the relevance of the presumption is in your view, or the absence of it. What happens? He raises a concern, what? That you should have sent it to two orthopedic specialists as opposed to one orthopedic specialist and one internist? William Milliken Well, to answer Your Honor's question about how it should play out, I think that if a board or manned order specifically requires an opinion or an examination from a specialist, then when that examination or opinion is rendered, the VA needs to do something to document the fact that the examiner is a specialist in the necessary area. Jody Freeman Well, they did. Maybe I'm wrong on the facts. When they – on the remand, one of the people, the person that examined him was an orthopedic specialist, right? It's just – I thought your complaint was about the second person who actually didn't examine him but reviewed the file was not a specialist. William Milliken So the orthopedist opinion on remand by the VA's own admission did not comply with the remand order because the orthopedist, Dr. Schecter, did not reconcile his opinion with the lay testimony in the record from Mr. Brainsway's friend. Jody Freeman So this buddy thing, okay. William Milliken And the board actually did not even mention Dr. Sturer's 2014 opinion in its decision, so the board recognized as well that this was not compliant. And so the only sort of operative opinion that we have after the 2013 remand order is from the internist, Dr. Schecter, and there's no evidence in the record indicating that Dr. Schecter had any specialized knowledge concerning lower back conditions. Jody Freeman Okay, so back to my question about – thank you for that. How does this play out then under your – the system, the way you think the system should work? William Milliken So our position is that if a remand order requires a specialist, when whatever examiner is chosen to give the opinion gives the opinion, they should attach their CV to the opinion or they should write a few sentences explaining why they are a specialist. And I think it would be up to the board – Jody Freeman But this is very confusing because there seem to me to be two separate issues here. One is compliance with the remand order, which is unique to this case, and the other one is what the presumption does, which is a general issue which has come up before. Are you arguing both of those points? William Milliken We're arguing both, Your Honor. Our narrower argument, however, is that when a remand order, as here, expressly requires a specialist, the duty to ensure substantial compliance obligates the board to ensure that a specialist is in fact procured. And it can't rely on the presumption of competency to absolve it of the duty to comply with that affirmative burden. So our narrower position is that where and only where, as here, you have a remand order requiring a specialist, there has to be some evidence in the record supporting the idea that the examiner has the specialized knowledge that the board was asking for. Jody Freeman So just carrying through, so why – one thing you suggested is that in this narrow circumstances, at least, it had to be automatic that any person that opined had to include in the record their CV. Why couldn't he have just asked for it? I mean, you know, just as a matter of course, what is the problem with saying if there's a specialist and there's any question raised? Because they do list what their area of specialization or whatever is. Is there a big deal, big difference in your mind between them including the CV in the record and your client having to – if he has any concerns about it, given he knows one's an internist and one's not asking for it? Eric Howard I think the reason for requiring an affirmative showing is because the board has this recognized affirmative duty to ensure compliance with in the VA benefits context, it's a very paternalistic system. The veterans are often pro se. They don't necessarily know what to ask for, how to ask for it. And so the system – Jody Freeman I understand what you're saying. It all sounds good. But if a person isn't competent or isn't savvy enough to know what to ask for, it's a lot more complicated to figure out what to do once you've gotten the information. So I'm not sure – if somebody's not savvy enough or not interested or not attuned enough to look at the titles of these people and say, hey, I'm not sure they're a specialist, how is that person arguably savvy enough to then evaluate these CVs for these people that probably go on for pages? Eric Howard Well, I think the key is that if the CV is provided then the CV is in the record and the agency has satisfied its duty to sort of provide all of the information that's necessary for the veteran to substantiate or not their claim. And so this wouldn't even be an issue on appeal to the Veterans Court because we would have documentation in the record suggesting that the person was in fact a specialist. Here we don't have that. There's no evidence one way or another as to whether Dr. Schechter, the internist, has this required specialized knowledge. Jody Freeman Well, do we know what that is? I mean, in the remand order, was the board at all – or it was the CAVC who remanded it to the board or the board? Eric Howard So the remand order issue is from the board. That's Appendix 1046. I'm sorry. Jody Freeman So is there any clarity – I mean, I don't know. Do you know necessarily what they meant by the word specialist? Eric Howard I think that we can pretty easily infer that it meant a specialist in orthopedics. And the reason is Mr. Fransway's brief to the board, which is found at Appendix 1052, this is the brief that prompted the 2013 remand order. He specifically asked for a board-certified specialist in orthopedics. And it was based on that filing that the board issued this remand order, which required an opinion from an appropriate medical specialist. And I think it's significant that the board's remand order used that word, because this term specialist, it has a very particular meaning in these proceedings. Jody Freeman Okay. I'm sorry. I appreciate it. But I'm going to cut you off just so I can move on to the next, because I have two more little areas to explore. One is that – okay, moving on to the big picture argument and away from the little specialist argument that's unique to this case. So what is your view on the Is it satisfied that every time the board has a medical professional looking at any claimant, that they put forth in the record that person's CV? Is that how you think this presumption of competency, which you've complained about, ought to be corrected? Matt Lauer I think that it should be up to the agency in the first instance to decide how to make this showing that they're relying on competent medical evidence, which is evidence provided by someone who's qualified to render medical diagnoses. It could be something as simple as a CV. It could be the examiner writing a few sentences as part of the opinion, this is why I am competent to opine on this particular condition. And I'd note that before this court's presumption of competency cases, the VA in fact provided examiner's CVs quite often as a matter of course when they issued these sorts of opinions. Judge Goldberg Suppose we were to say that this overall presumption of competence only requires one thing, and I think this would be consistent with the cases, and the one thing is that the veteran raised the competency issue. If the veteran wants information about the CV, there's an obligation under the duty to assist to give that to him. What is the problem with that regime? Matt Lauer We think that under the duty to assist, it makes more sense to put the burden on the VA to put some kind of evidence, and again it doesn't have to be extensive, but just some evidence supporting the idea that the examiner is competent. Judge Goldberg So what's the big problem with saying if the veteran has a problem about competency, he's got to raise the issue? Matt Lauer So under RISO and its progeny as they operate now, it's not just that the veteran has to raise the issue, the veteran has to Judge Goldberg You're going contrary to my assumption. Matt Lauer I'm sorry. Judge Goldberg Those cases do not preclude that interpretation, that the only requirement is that the veteran raise the issue. What's the problem with putting the burden on the veteran to raise the issue? Matt Lauer We would say again that given the duty to assist and as with most issues going to substantiation of a claimant's claim, that the burden to produce the necessary evidence should be on the VA, not the veteran. Judge Goldberg I'm not talking about producing evidence, I'm talking about just raising the issue. Matt Lauer Well, I think that the issues are intertwined because Judge Goldberg No, but you've got to stick with my hypothetical. My hypothetical is no burden on the veteran to produce any evidence or do anything except to say I challenge the competency. Matt Lauer I think that that would be a far better system than the one that is currently in operation. But I think that again I'd like to go back to the point that even if that were the current regime and even under the current regime as it exists under RISO, that wouldn't resolve this case where there is a remand order that explicitly requires a specialist. Judge Goldberg And I appreciate that. Judge Goldberg Isn't it pretty unusual to require an agency to prove that one of its actors has competence? Judging from the firm you're in, you're probably a patent attorney, you file an application in the patent office, do you ask the patent examiner to cite his or her bona fides? That's pretty unusual. Matt Lauer Well, Your Honor, the role that these examiners play in these VA benefits proceedings is really more like the role of an expert witness. That's how the veterans court has articulated their role. And I would note that when a veteran submits a private medical examiner's opinion in support of a claim, the VA in fact requires that examiner to substantiate their qualifications. The VA says otherwise we can't assess whether the opinion is entitled to any weight. And our point is just that it should work both from someone who is essentially acting as an expert witness in one of these sorts of proceedings. Judge Goldberg Back to your narrower issue, I have a concern about whether or not it was appropriately preserved. And in your brief, your response to the waiver argument just refers to pages, appendix 111, I think, to 117. Maybe you had something in mind because I've combed through those pages and I'm not seeing where this issue is preserved. Matt Lauer So at appendix 116, Mr. Fransway argued that Dr. Schechter's... Judge Goldberg Why don't you pull the page up so you can tell me where on the page it is because there's a lot of words on this page. Matt Lauer The second full paragraph, the paragraph begins, Mr. Fransway asserts once again that VA has yet to provide him an adequate examination and opinion. And then it goes on to discuss the deficiencies in the opinion. And we think that under the liberal standard applicable to veterans' filings in the board, the reference to an inadequate examination is best read as a challenge to the qualifications of the examiner, particularly given that Mr. Fransway had previously asked for a board certified specialist. Judge Goldberg Well, here's the concern I have about that. That's the lead sentence of a paragraph. And in English, at least, they used to teach you sort of like this, the meat for the bones is provided thereafter. And there's nothing, there are a lot of details there, none of which go to the point you're making. The other point I'd make, and I'm mistaken, I mean, a lot of, and we have a number of cases that refer to a pro se claimant. But in this instance, there was a lawyer involved, right?       Judge Goldberg And he was a lawyer? Matt Lauer Yes. Judge Goldberg And he was a lawyer? Collette Yes.   Collette I have a question for counsel, however. This court's precedent said that veterans' filings should be construed liberally even when they are represented by counsel. Ms. Branson Yes, but there's another step. But there's also the step of a pro se litigant in construction that. Mr. Lauer Right. Ms. Branson And this was performed by an attorney, right? Mr. Lauer I understood, Your Honor. But I'd like to say also that even setting aside of what even if you disagree with us about whether the issue was raised before the board, the government's waiver argument is really a repackaged version of its argument on the merits because it's not as candid as the START Act. Because our position is that under the duty to ensure substantial compliance, if a remand order requires a specialist, the affirmative burden is on the VA to demonstrate that the person is a specialist. It's not on the veteran to say to the board, this person isn't a specialist. And so we think that the waiver issue really just collapses into the merits of whether a remand order that requires a specialist imposes. Ms. Branson Well, isn't there something called harmless? I mean, even if you're right, I'm not sure I see why it's collapsed. Because when it went back down, and nobody says anything, then the assumption is that that person waived their right because they presumably were satisfied that the specialist portion of the remand and kind of everything else that isn't mentioned here was okay. So even if technically we were to adopt your legal regime and say they were required in the first instance to provide the CV or something with regard to these people, didn't you have to preserve it in any way, shape, or form? Mr. Cuthbert Well, I think the preservation that we, I see I'm out of time. Ms. Branson No, please. Mr. Cuthbert I'm sorry. I think the preservation that we had to do was to raise the issue of substantial compliance with the Veterans Court. And in addressing our substantial compliance argument, the Veterans Court didn't say, oh, no, there is evidence in the record that this person was a specialist as required to the remand order. Instead, it said, it doesn't matter that there's no evidence. We're entitled to assume that the internist was a specialist because there's this general presumption that the VA chooses qualified medical examiners. And we think that that legal point, that it's allowed to use the presumption of competency to assume that Dr. Schechter was a specialist, that's the legal point that we're asking the court to reach on appeal. And we think that was properly preserved. Ms. Branson Thank you. And we'll provide some more documents after we hear from the Governor. Good morning, Your Honors. May it please the Court. Perhaps I can work backwards, Your Honor, as to what happened and talk about preservation first. As Your Honors are familiar with our brief, we do argue that there's no jurisdiction here because this issue was not preserved. This issue being what issue? Well, yes. I understand there are two separate arguments here. One is the general rule about the presumption of competency, and the second one is the remand order issue. Correct. So when you say this issue was not preserved, what is this issue? We believe there's really one issue here, Your Honor, and that issue is substantial compliance with the remand order by the board. The crux of the dispute between the parties here is that the VA on remand did not substantially comply with the board's remand order. Okay. So that issue was raised, right? That issue was raised to the Veterans Court, and the Veterans Court found that it had been waived because it had not been raised to the board below. And that's the page 116 of the record that Your Honors were just discussing with my colleague. On that page, we're looking at, talking about whether or not the opinion itself is adequate, the substance of the opinion is adequate. We're not talking about on page 116 of the argument, arguing that the internist is not a competent individual to, is not an appropriate medical specialist, excuse me, and therefore there was no compliance with the remand order. So our position is consistent with the Veterans Court decision that this issue had not been raised, this issue of a lack of reasons and bases provided as to why there was substantial compliance with the remand order. Why were there no reasons and bases provided by the board? Because the issue was not raised to the board. What Mr. Frankway is alleging is that there is, basically he's faulting the board for not responding to an argument he never raised. I know that's a double negative there, Your Honors, but... I'm sorry, I'm not understanding what issue wasn't raised about the remand order. He complained that there wasn't compliance with the remand order and the Veterans Court addressed that issue on the merits, right? No. If I can turn to page 9 of the appendix, Your Honor. And on page 9 of the, this is the Veterans Court decision itself. On the second to last paragraph, we talk about, we start with the word finally. And that's where the court is saying that there is an argument posed by Mr. Frankway that there was failure to ensure substantial compliance with the remand order. And then the following paragraph, the court says, initially, the court notes that the VA benefits for the presumption that has properly chosen a person who is qualified to provide a medical opinion. The appellant does not argue, nor does the record reflect that he raised the issue below. Yeah, but I'm sorry. Oh, it is one more sentence, Your Honor. It seems to me that he did tell the board that there was not substantial compliance with the remand order, right? No, Your Honor. He did not? I don't believe that that's accurate. I mean, that's certainly not what we argued otherwise in our briefing, and we haven't gotten a response otherwise. The next page, continuing the same paragraph, we have the sentence, thus, the board was not required to provide a statement of reasons or basis establishing the medical examiner's competence. But that's a different question. Oh, okay. I understand your point, Your Honor. Yeah, we're tying them together. We see it as one. Okay, but he did say before the board that there wasn't substantial compliance with the remand order, right? Because it was inadequate. Yes. Inadequate on substance, not on the competency of the examiner. Okay. Right. Yeah, all right. That's why we see it as one issue. I know Your Honor said there's two issues, one, two, but they are kind of tied together here, Your Honor. In order, how should this have played out, Your Honor, is another question that we talked about. What should have happened is that Mr. Franqui before the board, after receiving the examination report by the internist, should have, at that point, said it is inadequate because of the substance to it, as he did argue it, and because this internist does not qualify as an appropriate medical specialist. Okay, let's move away from the waiver issue to the others. So, if applying this, whatever this presumption is, what, that's my question, what is the presumption? The process, Your Honor. It's about the process of selecting a medical examiner. So, what we are looking at here is that, you know, please. Let me start. The first process is his view that it should be, the resume should be included, whether it's competency or whether it's specialization. Is the government's position that somebody just has to ask for it, or is the government's position, I read something historically in one of these cases, that even if you ask, we're not going to necessarily give it to you? So, what is the government's view of this presumption? Correct, and the question has come up in a Mathis case prior to this, Your Honor, about, I think, the two different concurrences in it. Concurrence by Your Honor, saying that the duty to assist requires providing when asked. We know what we said. What do you say? Is it the government's position that someone has to ask, but then we provide it, or do they have to go through? I think in most cases, the duty to assist would come into play to require the provision of the CV. There are some outlier cases that we could think of where provision of the CV would be inappropriate. One of those was one of the, and I'm trying to apologize, I'm trying to find the citation here, Your Honor. There is a board decision that was discussed in the concurrences. Here we go, and it is, I'm going to say this very slowly for the record, the Westlaw site for this is 2014 WL7740599. I apologize these cases and the names are redacted, so I'm just going to call it the board case here. In that matter, the claimant requested the CV prior to the examination. The board found it to be an attempt to imbue certain litigation tactics, and said there was no requirement at that point to provide the CV, but basically wait until after the examination, see what the examination says, then ask for a CV if you disagree with it. That kind of situation, another situation could be a distasteful, perhaps, request for a CV. So that's a timing thing. My question wasn't specific enough to say at what point do they have to ask for it. Well, I mean, your question to me, Your Honor, was, is there, does the duty of assist require in every instance to provide the CV? And in that instance, we believe the board was correct. No, no, no, I'm sorry, maybe I misunderstood your question. Oh, okay, I apologize. I'm looking at the instance where, let's assume, I mean, the first question is, do you, is it your view that the government affirmatively in every case, even if there's no request, that the government has to include that? No, that is the presumption of competency. I assumed that. Correct. Right. So the second question would be, is it the government's view that at least, and Judge Dyke suggested this in his questioning of your friend, that at least when the complainant asks for it, generally you think, of course, it should be provided, right? Generally, yes. And the board case I provided would be an example as to when it might not be appropriate. When there might be other circumstances. Correct. You know? Yeah. Okay. So then what happens? I mean, I'm just trying to follow through, work through this presumption of competency. Is that where the presumption and the government's view begins and ends? There's a presumption. We don't have to provide it with every single thing we do. Once they ask, yeah, of course, they ask. That's their burden. It's not an evidentiary burden. It's kind of a burden to request it. Correct. And then what happens? How is this issue adjudicated? Well, in a situation like this where Mr. Frankway is represented by counsel, it's incumbent upon Mr. Frankway to then provide argument as to why this individual was not competent to provide a medical opinion. Otherwise, under 5107 ---- Once he raises the issue, is the burden on the VA to show that the medical specialist was competent? Well, the burden is on the ---- What the claimant would be trying to do would be to exclude evidence from consideration. 5017 requires ---- B, I think it is, 5017B, requires consideration of all medical evidence in these cases. What the veteran would be asking to do. The Veterans Court has analogized, or maybe the Board has analogized, these medical examiners to expert witnesses. In an expert witness situation, if you treat these as expert witnesses, the VA is relying on an expert witness. Normally, in those situations, if you want your expert's testimony to be received, you have to show that the person is qualified. Correct. So why wouldn't, the veteran says, I challenge the competency, just treat it like a regular district court proceeding. Then the burden would be on the VA to show competency, right, to establish the qualifications of this individual. I think that would be, I mean, in that situation, Your Honor, we have already provided the CV and any information that goes along with the CV that would have information on the competency of that individual, perhaps with a specialty or what have you. The cases do discuss a need for a specific reason as to why the individual is not competent. I think that fits with the system, because the system requires consideration of all medical evidence. If we have a CV saying that an internist has experience in lower back disorders, and then we have a claimant say the internist was not competent to provide testimony, or excuse me, an examination on my lower back disorder, it's incumbent upon the claimant at that point to say why, what is wrong with what the CV says. Okay, so in this instance. Right. This is a little bit of a, it's not just based on general competency, like did this person go to Princeton and graduate at the top of his class, it's based on a specialization. So he comes forward, he asks for the information, you give him the CVs for these people, clearly it's no dispute that this person was an internist and not an orthopedic person. And then what? So he says, look, she's an internist. Everything we're talking about are back problems. In fact, an orthopedic surgeon is part of the duty to assist. You recognize that. I've already been, I've been examined by that guy. That's the only guy that's examined me. So I've got a problem. I don't think this person was a specialist, an appropriate specialist. Correct. Is that enough? That's an argument. That would be an argument that... And then what happens with that issue? The board must decide that issue. Provide reasons and bases to... The board will make a decision as to whether the medical officer was actually competent and provide reasons and bases explaining that decision. So if the board decides that the claimant is wrong and this person was an appropriate specialist, or in the more general case, this person was competent to perform the assigned duties, then the board does have an obligation to come up for the reasons and bases for why they didn't reach that conclusion. That's correct. Not the veteran. So it's enough. I'm trying to see where the... Well, the argument has to be put forth by the claimant. The nature of the... Is it correct to say, it's not necessarily a matter of argument, it's like the nature of the challenge or the concern or the question has to be put forth by the veteran? Correct. Because in a run-of-the-mill case, if you provide the CV, you don't know whether the claimant be that they went to the wrong schools or whatever, or whether it really is a question of they weren't competent to perform the kind of duties they were asked for. Because we're talking about training, education, and experience. These are the things that are considered into our common evidence. Yeah. So he comes back and says, hey, wait a minute, I had a back problem. This is not in this case, but in another case that doesn't involve a remand based on specialty. But he said, I have a back problem and there's nothing in this person's CV to show that she had any expertise in that area. That's sufficient. And then the board has to come in and say why that person was not competent. Yeah. In that situation, a board could find that that internist was not competent. Circling back, of course, as Your Honor points out, that's not the case we have here. But to me, I'm less concerned in my framework here about what the decision is. I want to find out who has to come forward with what arguments. And so what you're saying, they have to identify what the question or the issue is, but then it's up to the board to provide reasons and bases to justify its assertion of competency or specialization. Right. I mean, at that point, the issue, I guess you can say, is litigated before the board. And the board must make a ruling on it. And then if there's a disagreement with that ruling, it can go to the Veterans Court. Okay. But just to be clear about this, so the government's position is that all the presumption of competency does is it puts the burden on the veteran to argue a lack of competency. And that once the veteran argues lack of competency, the effect of the presumption disappears. Yeah. The veteran must rebut the presumption, Your Honor, by providing an argument. Wait, wait, wait. What? Rebut sounds like evidence. I'm saying, is it true that once the veteran makes the argument about lack of competency, the presumption disappears? Oh, no. The presumption is not rebutted then. I mean, that's the entire point of it, Your Honor, is that there must be an argument made. Maybe we're talking past each other here. I don't think you understand me. Yeah. What I'm saying is the veteran makes an argument that it's a lack of competency, okay? And properly raises the issue that way. At that point, the presumption disappears. It has no further benefit to the VA. So long as it's a colorable argument, Your Honor? Yeah. In that scenario, yes. Yeah. Yeah. At that point, the argument must be addressed. Specialization. Right. That argument must be addressed, Your Honor. It's not enough to just say, sorry, you raised this argument, we're not going to talk about it. And the VA can't say, once the veteran raises the argument, VA can't come in and say, we're entitled to a presumption that this person was competent in addressing the competency issue. You've got to assume that he's competent. At that point, the VA should substantively respond to the argument. And it can't rely anymore on a presumption. I don't think the board would let it, Your Honor. Yeah. Right. Yeah. Okay. If Your Honors have no further questions, thank you. Thank you, Your Honors. I'd like to- So the government's position doesn't sound so terrible. What's the problem? You'd raise the argument. If you ask for the CV and the qualifications, you get it. If you raise the issue, it has to be addressed on the merits and the VA doesn't get any benefit from the presumption. What's so terrible about that? Your Honor, I think that's simply not how it works under RISO. No. That's not an answer to my question. Well, I- That is not an answer to my question. I am saying, if that's what it is, and that's all it is, what's the problem?  However, that is not how the presumption has been applied in RISO and its progeny. It's not just that the veteran- I guess, once we said that that's what it means, based on the government's confession, that would be it, right? Well, Your Honor, I think that would be inconsistent with RISO and Bastion and Sickles and Parks. They say, not only does the veteran have to raise the issue, the veteran has to supply a specific reason for thinking that the examiner is incompetent, which is difficult- I don't know what that means in some cases. If they ask for the CV, and they get the CV, what do you do? I mean, the problem, normally, I assume, would be on the specialization front. Like, yeah, I got the CV, and it shows that this person has no experience in orthopedic surgery, and that's the issue that this is about. That's all. I think that- Doesn't he have to- Otherwise, how does anybody ever adjudicate it if they don't know what the source of the complaint is? So, don't you think that, just for everybody's sake, including the veterans, we don't swim around for 10 years on remands and so forth, to just identify the challenge? I think the issue is that the veteran is not going to be able to even get the CV under RISO and its progeny unless he can articulate a specific- What we're telling you, we hope that the government agrees that you get the CV when you ask for it, and that all the veteran has to do is to say, I looked at the CV. I don't see this guy has the required specialty, and then the presumption disappears. Understood, Your Honor. I think in the mine run of cases, that would be a much better system than the one we have today. I think, however, that on these facts, where there's a remand order that specifically requires a specialist, something more is required. There has to be an affirmative showing by the VA at the board level that the remand order has been complied with. Yeah, but the trick is, and so therefore, it doesn't even have to have been preserved. That's where I'm stuck, frankly. Well, two points in response, Your Honor. First of all, as the government conceded in response to Judge Dyke's question, Mr. Francois did raise the issue of substantial compliance, generally speaking, before the board. We think that's enough. But even if you disagree with me on that, this court has held in Sullivan v. McDonald, a case we cited in our brief, that if the Veterans Court issues a decision on a point of law, then regardless of whether the veteran argued that point below, it's properly before this court. Here, the Veterans Court decided that the presumption of competency allowed it to assume that the internist was a specialist, and that's the legal holding that we're asking this court to review and reverse. I see I'm out of time. Thank you. Thank you. We thank both sides. The case is submitted. That concludes our proceeding for this morning. All rise. The court is adjourned until tomorrow morning at 10 a.m.